UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

JOSHUA BENTZ,
    *Defendant*.

No. 3:21-cr-0110 (VAB)

**RULING AND ORDER ON MOTION FOR COMPASSIONATE RELEASE**

Joshua Bentz ("Defendant") has moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence, ECF No. 188 (April 5, 2024) ("Mot.").

The United States (the "Government") opposes this motion. Memo. in Opp'n, ECF No. 195 (May 24, 2024) ("Opp'n").

For the reasons set forth below, Mr. Bentz's motion for sentence reduction is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 23, 2021, Mr. Bentz plead guilty to conspiracy to deal firearms without a license, unlawfully transport firearms, and make false statements to government agents, in violation of 18 U.S.C. § 371. Plea Agreement, ECF No. 102 (Nov. 23, 2021).

On May 9, 2023, Mr. Bentz was sentenced to 24 months in prison—a downward departure from the guidelines provision of 60 months—followed by two years of supervised release. Judgment, ECF No. 186 (May 9, 2023) ("Judgment").

On April 5, 2024, Mr. Bentz filed a motion to reduce his sentence under the First Step Act, and an accompanying memorandum of law. Memo. in Supp., ECF No. 188-1 (Apr. 5, 2024) ("Memo.").

On May 24, 2024, the Government filed a memorandum in opposition to Mr. Bentz's

motion. Opp'n.

On May 31, 2024, Mr. Bentz filed a reply to the memorandum in opposition. Response/Reply re Memorandum in Opposition, ECF No. 199 (May 31, 2024) ("Reply").

On September 12, 2024, Mr. Bentz filed a supplemental memorandum for his motion to reduce his sentence. Supplemental Memo. in Support, ECF No. 206 (Sept. 12, 2024) ("Supp.").

## II. STANDARD OF REVIEW

A court may modify a term of imprisonment in two circumstances: (1) "upon motion of the Director of the Bureau of Prisons;" or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020) ("In December 2018, as part of the First Step Act, Congress worked a change to th[e] rule of long standing" that a court could only modify a sentence upon motion from the Bureau of Prisons. "A court may now consider a motion for compassionate release made by a defendant who has exhausted his administrative remedies by petitioning the Director of the BOP to make such a motion, assuming the Director fails to act on the inmate's request within thirty days.").

To modify a sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a court must find that the defendant has "exhaust[ed] administrative remedies by requesting such relief from prison authorities." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Then, a district court "must 'consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)) (cleaned up). Finally, the defendant must show "that his proffered circumstances are indeed 'extraordinary and compelling'" *Id.* A sentence modification

2

under 18 U.S.C. § 3582(c)(1)(A)(i) cannot simply be a "second-guessing of the sentence previously imposed." *Id.*

### III. DISCUSSION

Mr. Bentz argues that his wife's medical concerns and his role a caregiver, in combination with his own medical needs, constitute an extraordinary and compelling reason for a reduction in sentence. Memo. at 1. Mr. Bentz argues that the Section 3553(a) factors weigh in favor of a sentence reduction. *Id.* at 26. He also states that he has exhausted all administrative remedies. *Id.* at 30.

The Government argues that while Mr. Bentz has exhausted all administrative remedies, the Section 3553(a) factors do not warrant relief, and that there is no extraordinary and compelling reason justifying Mr. Bentz's release. Opp'n at 8, 15.

The Court considers each argument in turn, beginning with the Section 3553(a) factors.

#### A. Section 3553(a) Factors

Under Section 3553(a), the Court "must impose a sentence sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner." *United States v. Colon*, No. 3:97-cr-48 (SRU), 2020 WL 6049215, at *6 (D. Conn. Oct. 12, 2020) (citing 18 U.S.C. § 3553(a)). The Court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* (citing 18 U.S.C. § 3553(a)(1)).

Mr. Bentz argues that his history of childhood trauma, rehabilitation before and during prison, and the purposes of sentencing favor release. Memo. at 27–29. Mr. Bentz also argues that

he is no danger to society, as evidenced by his previous compliance with pretrial release and comprehensive release plan. *Id*. at 29–30.

The Government argues that Mr. Bentz's background was already known and considered at the time of sentencing. Opp'n at 16. The Government additionally states that Mr. Bentz sentence reflects the seriousness of the offense, and the "proactive role" Mr. Bentz played in the conspiracy. *Id.* at 19.

The Court agrees.

The Court recognizes Mr. Bentz's strides towards rehabilitation, including graduating from a custodial technician training program and securing employment. Supp. at 1–2. The Section 3553(a) factors, however, weight against a sentence reduction.

Mr. Bentz was sentenced to 24 months, a downward departure from the Guidelines recommendation of 60 months.[1] *See* Judgment. During Mr. Bentz's sentencing, the Court was provided materials detailing Mr. Bentz's history of childhood trauma, mental health, and substance use. *See, e.g.*, Presentence Investigation Report, 18–25, ECF No. 175 (April 10, 2023) ("PSR") (describing Mr. Bentz's childhood, substance use, and mental health); Memo. in Aid of Sentencing, 3–9, ECF No. 177 (April 14, 2023) (describing Mr. Bentz's "exposure to trauma, abuse, neglect, addiction, and domestic violence"). Mr. Bentz's personal history was reflected in the downward departure from 60 months to 24 months in Mr. Bentz's original sentence. Consideration of this history at present likewise does not warrant a sentence below 24 months. *See, e.g.*, *United Stats v. Olson*, No. 20-cr-356 (PKC), 2023 WL 2911037, at *4 (S.D.N.Y. April 11, 2023) (denying compassionate release motion when Section 3553(a) factors were "known to the Court at the time of sentencing" and "Court took account of [the Defendant's], medical

---

[1] Mr. Bentz's offense level of 21 and criminal history category of VI would have resulted in a guidelines range of 77 to 96 months; however, due to the statutory maximum, the applicable guidelines "range" was 60 months. PSR at 28.

4

conditions at sentencing"); *cf. United States v. Coleman*, No. 22-636, 2023 WL 3589899, at *2 (2d Cir. May 23, 2023) (affirming denial of compassionate release and district court's recognition that "the same mitigating factors [were] previously considered at [the Defendant's] sentencing").

Furthermore, Mr. Bentz's original sentence of 24 months reflects the seriousness of the underlying offense. Mr. Bentz was an active member of the firearms conspiracy, including purchasing the firearms out-of-state and directing other members of the conspiracy to create fake names and submit false information to the United States Postal Service to facilitate gun shipment. *See* PSR at 7–8. Notably, guns sold through the conspiracy were recovered at the scenes of two separate homicides in Hartford, Connecticut. *Id.* at 6. A sentence of 24 months reflects the role Mr. Bentz played in the conspiracy and the seriousness of the impact of Mr. Bentz's crimes. *See, e.g.*, *United States v. Romano*, 707 F. Supp. 3d 233, 238 (E.D.N.Y. 2023) (concluding that sentencing factors weighed against early release because Defendant's "twenty-month prison sentence [for possession of a firearm] falls below the low end of the advisory guidelines range," "the Court already accounted for [the Defendant's] family circumstances in determining that sentence," and the Court "must remain mindful of the seriousness of his offense"); *Colon*, 2020 WL 6049215, at *7 ("[A]lthough some aspects of [the Defendant's] personal history weigh in his favor—particularly his age at the time of the offense and his troubled upbringing, as described above—those factors simply do not outweigh the seriousness of the offense conduct in this case.").

Having found that the Section 3553(a) factors weigh against a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the Court will not consider whether the reasons for reduction are extraordinary and compelling. *See Keitt*, 21 F.4[th] at 73 ("When a district court denies a

defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Accordingly, the Court will not reduce Mr. Bentz's sentence.

### IV. CONCLUSION

For the reasons explained above, the motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 7th day of February, 2025.

                                                                                   /s/ Victor A. Bolden
                                                                                  Victor A. Bolden
                                                                                  United States District Judge